IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRICK SMITH, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-0086-P (BK) |
| | § | |
| PERI COLLINS, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons set out below, the case should be dismissed for lack of subject-matter jurisdiction.

**I. BACKGROUND**

Plaintiff, a resident of Dallas, Texas, filed a *pro se* complaint naming Judge Peri Collins as the sole Defendant. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Because the complaint did not include a complete jurisdictional statement, the Court issued a questionnaire to Plaintiff, who filed answers thereto.

The amended complaint, as supplemented by the answers to the questionnaire, seeks to sue Judge Collins, Office of Disability Adjudication and Review, Social Security Administration, for an unfavorable ruling in Plaintiff's social security disability case. (Doc. 8, 1; Doc. 10, Answers 1-3.) Plaintiff states that Judge Collins issued a ruling in November 2009 "without gathering all of the facts" and "allowed slandering to take place." *Id.* According to Plaintiff, an

appeal is presently pending. (Doc. 10, Answer 1.) Plaintiff requests monetary relief against Judge Collins. (Doc. 8, 2.)

## II. DISCUSSION

Before screening an *in forma pauperis* complaint under 28 U.S.C. §1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332.

Plaintiff's complaint relies on diversity as the sole basis for subject matter jurisdiction in this case. The diversity statute, however, requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) *(citing Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)).* The answers to the questionnaire confirm that Plaintiff and Judge Collins are both citizens of the State of Texas. (Doc. 10, Answer 2.) Therefore, Plaintiff cannot plead the existence of subject-matter jurisdiction on the basis of diversity.

Nor does the complaint plead facts that would support subject-matter jurisdiction on the

basis of a federal question. While Plaintiff alleges defamation of character as a result of Judge Collins' ruling and slanderous statements, such a claim does not rise to a federal constitutional violation. Allegations of an injury solely to a plaintiff's reputation or character are insufficient to establish liability for civil rights violation. *See Siegert v. Gilley* 500 U.S. 226, 233 (1991) (citing *Paul v. Davis,* 424 U.S. 693, 711-12 (1976)) (interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under either Fourteenth or Fifth Amendment). Moreover, the complaint makes no explicit reference to any other federal law or cause of action. Therefore, even under the most liberal interpretation of the *pro se* complaint, the Court cannot construe the alleged facts to state a cause of action arising under federal law. *See MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir. 2002) (federal question must appear "on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action").

Lastly, since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims, if any.[1] *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

---

[1] In answer to the questionnaire and attachments thereto, Plaintiff refers generally to Texas statutes and Texas appellate procedure. (Doc. 10, Answer 3 and attachments.)

## III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** this action *sua sponte* for lack of subject-matter jurisdiction.

SIGNED on March 10, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE